## LEAK *vs.* SMITH *et al.*

REFUSAL OF INJUNCTION. From Gilmer. (Before Judge Brown.)

Hall, J.—The order of the chancellor upon this application for injunction, though not in the terms of complainants prayee, keeps the subject matter in dispute in the position in which it was found when the bill was brought, and protects every interest of the contending parties, until the cause can be finally heard. Nice and doubtful questions were properly not determined on the preliminary hearing under ex parte affidavits, and those questions will not be reviewed here.

(a) There was no abuse of discretion in the qualified sanction of this bill.

Judgment affirmed.

Milner, Aiken & Harris, for plaintiff in error.

George R. Brown; B. F. Abbott; P. P. DuPree, for defendants.

---

## SWIFT SPECIFIC CO. *et al. vs.* DAVIS.

LIBEL FROM FULTON. Torts. Actions. Libel. (Before Judge Hammond )

Blandford, J.—1. Whether section 2967 of the Code, which provides that "no action for a tort shall abate by the death of either party where the wrong doer received any benefit from the tort complained of," applies to actions of libel and slander or not. Quere?

2. If libel and slander be so included, the benefit which will cause an action therefor to survive the death of the plaintiff must be one flowing immediately from the tort, and not one derived from other things not connected with such tort. Where the benefit was alleged to have arisen from profits derived from the sale of a certain medicine by reason of the publication of the libel, this was not sufficient.

(a) This differs from the case in 56 Ga., 159.

Judgment reversed.

Reed, Reinhard & O'Neill; Haygood & Martin, for plaintiffs in error.

R. Arnold, for defendant.